J-A02040-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHAN HOYE | : | |
| | : | |
| Appellant | : | No. 199 WDA 2025 |

Appeal from the Judgment of Sentence Entered September 9, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000817-2024

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: FEBRUARY 20, 2026**

Nathan Hoye ("Hoye") appeals from the judgment of sentence imposed by the Allegheny County Court of Common Pleas ("trial court") following his conviction of simple assault.[1]  On appeal, Hoye challenges the weight of the evidence supporting his conviction.  Because we conclude that the trial court did not abuse its discretion in rejecting Hoye's weight of the evidence claim, we affirm.

On January 22, 2024, Hoye and Janeen Blakey ("Blakey"), husband and wife, spent the day together riding the bus in Pittsburgh and drinking Four Lokos.[2]  N.T., 9/9/2024, at 6-8, 14.  Blakey and Hoye began arguing while on

---

[1] 18 Pa.C.S. § 2701(a)(1).

[2]  Four Loko is an alcoholic malt beverage known for its high alcohol content.

a bus returning to their residence on the north side of Pittsburgh. ***Id.*** at 7-9. Blakey testified that Hoye began knocking her belongings on the ground, and upon arrival to the Oakland area, they continued to argue as they exited the bus. ***Id.*** at 9, 14, 17. Blakey insisted she would not go with Hoye; Hoye continued to follow Blakey. ***Id.*** at 7-9. Blakey testified Hoye then hit her in the right eye with a closed fist. ***Id.*** at 7, 10; ***but see id.*** at 14 (Blakey stating she was not sure whether the punch occurred on the bus or after she exited the vehicle).

Blakey enlisted the help of an unknown bystander. ***Id.*** at 9, 10-11. The bystander "stood in the middle" in an effort to keep Hoye away from Blakey. ***Id.*** at 9. Ultimately, Hoye called the police accusing the bystander of "kidnapping" Blakey. ***Id.*** 9-10, 17.

Pittsburgh Police Officer Shaun Freiss responded to the scene and testified that Blakey reported the assault to him. ***Id.*** at 17. He noticed "fresh red and blue bruising" under Blakey's right eye. ***Id.*** While Officer Friess could smell alcohol on Blakey, he testified that she was coherent and did not struggle to relay any information to him at the scene. ***Id.*** at 20. Officer Friess and his partner arrested Hoye. ***Id.*** at 18.

The Commonwealth charged Hoye with one count of simple assault. Hoye waived his right to a jury trial, and the case proceeded to a nonjury trial on September 9, 2024. The trial court found Hoye guilty of simple assault and sentenced him to two years of probation. Hoye filed a timely post-

sentence motion, asserting his conviction was against the weight of the evidence, which the trial court denied. Hoye timely filed an appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). He presents a single issue for review: "Whether [] Hoye's simple assault conviction was against the weight of the evidence where [] Blakey testified that [] Hoye punched her, but she could not recall any details about the assault, including where it occurred[.]" Hoye's Brief at 4. (unnecessary capitalization omitted).

Hoye contends that the trial court's verdict was against the weight of the evidence because Blakey's testimony was vague and unreliable as to the details of the assault and the location of where it occurred. *Id.* at 12-13. Specifically, he identifies the fact that she could not recall whether the assault occurred on the bus or off the bus and that Blakey was intoxicated that day, rendering her testimony "tenuous and uncertain." *Id.* at 13. Hoye seeks reversal of his simple assault conviction. *Id.*

The following legal principles apply to a trial court's consideration of a challenge to the weight of the evidence supporting a conviction:

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence does not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts,

- 3 -

certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

Thus, to allow an appellant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the trial court.

*Commonwealth v. Juray*, 275 a.3d 1037, 1046-47 (Pa. Super. 2022) (quotation marks and citations omitted).

Our standard of review for weight of the evidence claims raised on appeal, however, differs from that of the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* at 1047 (citation omitted).

The trial court rejected Hoye's challenge to the weight of the evidence based upon its finding that Blakey testified credibly and was corroborated by Officer Friess. Trial Court Opinion, 4/4/2025, at 2. It noted that although Blakey was uncertain as to the precise location where the assault occurred, she unwaveringly testified that Hoye punched her in the face, leaving her with a black eye. *Id.* Her testimony was supported by Officer Friess, who had

- 4 -

observed fresh bruising of Blakey's right eye and stated Blakey reported the assault to him. *Id.*

We find no abuse of discretion in the trial court's determination. Although Blakey was unclear whether the assault occurred on the bus or outside, any inconsistencies in the testimony was for the trial court judge, sitting as factfinder, to resolve. *See Commonwealth v. Jacoby*, 170 A.3d 1065, 1080 (Pa. 2017) (noting the factfinder is "the sole arbiter of the credibility of each of the witnesses" and "is entitled to resolve any inconsistencies in the Commonwealth's evidence in the manner it sees fit") (citation omitted). Nor is it proper for this Court to reweigh the evidence presented. *See Commonwealth v. Gilliam*, 294 A.3d 257, 270 (Pa. Super. 2021) (concluding that the trial court did not abuse its discretion in denying appellant's weight challenge where he merely asked this Court to assume the role of factfinder and reweigh the evidence in his favor). The trial court heard the evidence, assigned it the weight it found to be appropriate under the circumstances, and found Hoye guilty of simple assault. Simply put, Hoye has provided us with no legally supportable basis to reverse the trial court's decision. *See Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of the finder of fact"). We therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/20/2026